UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-20149-GAYLES

**TYRONE HILL MENTORING KIDS
CHARITABLE FOUNDATION CORP.
and TYRONE HILL**,

    Plaintiffs,

v.

**SAMUEL L. FRANKLIN, JR.**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiffs' Motion to Remand to State Court (the "Motion") [ECF No. 10]. The Court has reviewed the Motion and the record and is otherwise fully advised. As set forth below, the Motion is denied.

### BACKGROUND

On December 9, 2020, Plaintiffs Tyrone Hill Mentoring Kids Charitable Foundation Corp. and Tyrone Hill filed this action against Samuel L. Franklin, Jr. for breach of contract and unjust enrichment in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. [ECF No. 1-1]. On December 15, 2020, Defendant was served with process at his home in North Carolina. [ECF No. 1 ¶ 12]. On January 14, 2021, Defendant timely removed this action from state court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. [ECF No. 1]. Defendant claims Plaintiffs are Florida citizens, while Defendant is a citizen of North Carolina.

On February 10, 2021, Plaintiffs filed the instant Motion seeking remand on the basis that diversity of citizenship does not exist. [ECF No. 10].

## LEGAL STANDARD

The statute governing removal, 28 U.S.C. § 1441, permits a defendant to remove most civil cases originally filed in state court to federal court if the federal court can properly exercise federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Upon removal, 28 U.S.C. § 1447(c) "implicitly recognizes two bases upon which a district court may—and in one case must—order a remand: when there is (1) a lack of subject matter jurisdiction or (2) a defect other than a lack of subject matter jurisdiction." *Hernandez v. Seminole Cnty.*, 334 F.3d 1233, 1236–37 (11th Cir. 2003) (citation omitted). Moreover, the removing party bears the burden of demonstrating that removal is proper. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

## DISCUSSION

Plaintiffs seek remand on the basis that Defendant, like Plaintiffs, is a citizen of Florida, thereby destroying diversity jurisdiction. District courts enjoy original jurisdiction over civil controversies that exceed $75,000 in value and are between citizens of different States. 28 U.S.C. § 1332(a). "Diversity jurisdiction requires complete diversity: every plaintiff must be diverse from every defendant." *Torreyes v. Godiva Chocolatier, Inc.*, 424 F. Supp. 3d 1276, 1280 (S.D. Fla. 2019) (citing *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). Diversity jurisdiction must exist at the time of removal. *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011). As neither party disputes that the amount in controversy exceeds $75,000 or that Plaintiffs are citizens of Florida, the only issue before the Court is whether Defendant is a

citizen of Florida or North Carolina. If Defendant is a citizen of Florida, diversity jurisdiction is defeated, and this action must be remanded.

To establish citizenship of an individual, "[r]esidence alone is not enough." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). For the purposes of diversity jurisdiction, citizenship is equivalent to "domicile." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Chevaldina v. Katz*, 787 F. App'x 651, 653 (11th Cir. 2019). In other words, a person's domicile requires one's physical presence in a place plus his intent to remain there. *McCormick*, 293 F.3d at 1258.

In determining a party's domicile, courts apply certain presumptions. For example, the state in which a person resides at any given time is also that person's domicile. *Adderley v. Three Angels Broad. Network, Inc.*, No. 18-cv-23362, 2019 WL 7189887, at *2 (S.D. Fla. Dec. 26, 2019), *reconsideration denied*, No. 18-cv-23362, 2020 WL 9459138 (S.D. Fla. Feb. 3, 2020). But, because residency changes are commonplace in this country, courts presume that once an individual has established a domicile, he remains a citizen there until he satisfies the mental and physical requirements of domicile in a new state. *Id.* (quotations omitted). "The effect of this presumption puts the heavier burden on a party who is trying to show a change of domicile rather than the one who attempts to show their domicile remains unchanged." *Jakobot v. Am. Airlines, Inc.*, No. 10-cv-61576, 2011 WL 2457915, at *2 (S.D. Fla. June 20, 2011) (citations and quotations omitted). Yet, this presumption may be overcome. *Id.*

As indicia of domicile, courts consider affidavits, employment records, drivers' licenses, tax returns, banking statements, voter registrations, medical records, utility and phone bills, vehicle

registrations, etc. *Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1249 (11th Cir. 2005); *Adderley*, 2019 WL 7189887, at *2–3. "No single factor is conclusive; instead, a totality of evidence approach is necessary." *Adderley*, 2019 WL 7189887, at *2–3 (quotations omitted). All in all, it is the burden of the party seeking removal to establish diversity exists by a preponderance of the evidence. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1340 (11th Cir. 2011).

Here, Plaintiffs contend that Defendant was and is a Florida citizen as evidenced by 1) Defendant's Employment Eligibility Verification, 2) his identification card, 3) National Football League ("NFL") contract, 4) an email from Defendant to Plaintiffs, and 5) a North Carolina tax form, which all use Defendant's Florida address. *See* [ECF No. 10]. However, the Court finds that Defendant has met his burden of establishing the mental and physical requirements of domicile in a new state—North Carolina.

At the time of removal, Defendant resided in North Carolina. Defendant is an NFL player, who, on April 29, 2020, signed a three-year contract with the North Carolina Panthers, which are based in Charlotte, North Carolina. [ECF No. 16 at 6–7]. A few months thereafter, Defendant signed a lease agreement for an apartment in North Carolina, [ECF No. 16 at 11], where he was served with this action, *see* [ECF No. 1-2]. Defendant set up and paid utilities and received mail at his apartment in North Carolina. [ECF No. 16 at 14]. Defendant's employment contract and residence in North Carolina at the time of removal is significant evidence that Defendant was domiciled, and intended to remain, in North Carolina.

Moreover, "Defendant has never owned real property in Florida, registered to vote in Florida, or had a driver's license issued or vehicle registered by the State of Florida." [ECF No. 16 at 15]. Further, Defendant's affidavit explaining his intent to remain in North Carolina bolsters

4

the objective facts. *Compare Travaglio*, 735 F.3d at 1270 (stating that a party's affidavit of domicile is given little weight because those declarations are often self-serving), *with McDonald v. Equitable Life Ins. Co. of Iowa*, 13 F. Supp. 2d 1279, 1281 (M.D. Ala. 1998) ("[W]hen subjective expressions of intent accord with objective facts, the subjective testimony bolsters the objective evidence."). Based on the totality of the evidence, the Court agrees that Defendant is a citizen of North Carolina for purposes of diversity jurisdiction. Thus, Defendant's citizenship does not defeat diversity jurisdiction. Accordingly, Plaintiffs' Motion is denied.

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED that** Plaintiffs' Motion to Remand to State Court, [ECF No. 10], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of September, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE